## Catching v. Commonwealth.

(Decided September 23, 1924.)

### Appeal from Laurel Circuit Court.

1. Arrest—Officer Cannot Arrest on Mere Suspicion, Without Knowledge of Facts.—While officer need not be in possession of all details of concealed offense being committed in his presence, in order to arrest without warrant, he may not make such arrest on mere suspicion and without any knowledge of facts.

2. Arrest—Town Marshal Held Not Entitled to Arrest and Search One on Mere Suspicion of Transportation of Liquor.—Where town marshal, in attempting to arrest defendant on mere suspicion that he was carrying liquor, frightened defendant's horse, causing it to throw buggy, and occupants over embankment, where marshal found accused holding jar containing whiskey, the arrest without warrant was illegal.

3. Criminal Law—Evidence Secured in Unlawful Attempt to Arrest Inadmissible, though Accidentally Disclosed.—Evidence secured in an illegal attempt to arrest on mere suspicion was inadmissible, in prosecution for transporting intoxicating liquors, though through fortuitous circumstances evidence was uncovered before arrest was accomplished, in that horse frightened by officer's flashlight threw buggy and occupants over embankment, disclosing liquor.

FINLEY HAMILTON for appellant.

FRANK E. DAUGHERTY, Attorney General, and GARDNER K. BYERS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Reversing.

This is an appeal from a judgment of conviction for unlawfully transporting intoxicating liquors. The only witness for the Commonwealth was J. C. Gray, town marshal of London, Ky., who stated that he learned that defendant and another had gotten a buggy at a livery stable and gone to the country. Witness supposed the defendant would return with liquor. Without procuring a warrant, witness went out and met defendant with the intention of arresting and searching him and the buggy. It was dark and he undertook to stop the horse, and flashed a flashlight before arresting defendant. This frightened the horse and caused it to shy to the side of the road and throw the buggy and its occupants over an embankment. Witness went to them and found defendant holding a jar, which he seized, and on opening it found it contained

whiskey. Objection was made to this evidence, with motion to exclude.

It thus appears that, while witness' chief purpose was to search the defendant, he sought to accomplish that end by first arresting him for an offense committed in his presence. While it is not necessary for an officer to be in possession of all the details of a concealed offense being committed in his presence in order to arrest without a warrant, manifestly, he may not make such an arrest on mere suspicion and without any knowledge of the facts. This is what the witness attempted to do and what he partially accomplished. That action was illegal in its inception and consummation. In making such illegal arrest, by a fortuitous circumstance the evidence he sought was uncovered before the arrest was accomplished. This does not validate the illegal transaction, which must be considered in the same light as it would be if the arrest had been completed before the search was made.

Under repeated decisions of this court evidence so secured is inadmissible. This being the only evidence offered the court should have given a peremptory instruction to find defendant not guilty.

Wherefore, the judgment is reversed and cause remanded for proceedings consistent with this opinion.